MEMORANDUM **
Defendant-Appellant U.S. Specialty Insurance Company appeals from the district *926 court’s partial summary judgment in favor of Plaintiffs-Appellees Corky without oral argument. See Fed. R.App. P. 34(a)(2). McMillin Construction Services, Inc., McMillin-NTC 129, LLC, McMillin-NTC 80, LLC, McMillin-NTC 138, LLC, and McMillin-NTC, LLC (collectively, the Insureds). We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court’s summary judgment and interpretation of the insurance policy de novo, Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 426 (9th Cir.2011), we affirm.
The policy issued by U.S. Specialty to the Insureds provides a general grant of coverage for claims alleging that the Insureds engaged in “wrongful acts,” which include any “actual or alleged act, error, misstatement, misleading statement, omission or breach of duty.” However, the “Errors & Omissions Exclusion” states that U.S. Specialty is not liable for any claim “arising out of, based upon or attributable to the rendering of or failure to render services for others, including without limitation services performed for or on behalf of customers or clients.”
The ambiguity of this exclusion’s terms becomes apparent when read in connection with the underlying complaint for which the Insureds sought coverage. Because the term “services” is not defined in the policy, it is proper to look to dictionary definitions for its “ordinary and popular” meaning. Bay Cities Paving & Grading, Inc. v. Lawyers’ Mut. Ins. Co., 5 Cal.4th 854, 867-68, 21 Cal.Rptr.2d 691, 855 P.2d 1263 (Cal.1993). These definitions, which boil down to “helping or doing work for someone,” are broad, but breadth of meaning does not equal ambiguity. Id. at 868, 21 Cal.Rptr.2d 691, 855 P.2d 1263. The original underlying complaint for which U.S. Specialty denied coverage alleged the kinds of breaches of duty and misstatements that are generally covered by the policy, and alleged only that these occurred in connection with “purchases” of homes, without any allegations regarding actions that were clearly “services.” The subsequent amended complaints’ allegations of misstatements in marketing materials, or that Plaintiffs were “brokers” for the home sales, no more clearly alleged that they provided “services.” Therefore, it is ambiguous whether the policy’s exclusion for claims in connection with “services” applies. Construing the policy language narrowly, in favor of coverage, and applying it to the circumstances of this case,, the Insureds had a reasonable expectation that the misstatements and breaches of duty alleged in the underlying complaint were “wrongful acts” covered by the policy. Clarendon Am. Ins. Co. v. N. Am. Capacity Ins. Co., 186 Cal.App.4th 556, 567, 112 Cal.Rptr.3d 339 (Cal.Ct.App.2010).
The district court correctly found the proffered extrinsic evidence was not relevant, because it only pertained to a different insurance transaction and policy, or reflected comments by the Insureds’ insurance brokers after the filing of the underlying complaint. It sheds no light on the Insureds’ own “reasonable expectations” at the time of contracting regarding what types of acts the present policy would cover, and does not provide a “reasonable interpretation” of the E & 0 Exclusion that would include the types of claims in the underlying complaint.
However, the district court erred in concluding that the Insureds tendered the defense of their claim to Defendant, when in fact they merely provided notice of the underlying action. Notice triggers coverage, but an explicit written tender of the defense of the claim is required to exercise *927 the right to tender. Absent a written tender of defense, the policy requires the Insureds to defend themselves, no matter that Defendant had notice of the claim. Therefore, the district court’s judgment is reversed in part and this case will be remanded for proceedings not inconsistent with the foregoing.
REVERSED IN PART AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provid *926 ed by 9 th Cir. R. 36-3.